**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02719-REB

STACIE BEABER,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[2] filed October 12, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of fibromyalgia, myofascial pain syndrome, thoracic outlet syndrome, chronic pain syndrome, osteoarthritis, headaches, and chronic fatigue.  After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on April 27, 2011.  At the time of the hearing, plaintiff was 40 years old.  She has high school education and past work experience as a software engineer.  She has not engaged in substantial gainful activity since February 19, 2009, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other impairments were found non-severe.  The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with significant postural and environmental restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

      4.      If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

      5.      If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff alleges that the ALJ committed numerous errors all relating back to his improper assessment of the credibility of her subjective complaints of pain.  I agree, and therefore remand.[3]

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  ***White v. Barnhart***, 287 F.3d 903, 909 (10th Cir. 2001) (quoting ***Kepler v. Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ here concluded that plaintiff's reports of disabling pain were not credible because they were inconsistent with her activities of daily living.  More specifically, the ALJ concluded that plaintiff's ability to care for her young son and go on a hike. (Tr. 17.)  The ALJ also concluded that plaintiff had not been fully compliant with her treatment program.  (Tr. 16.)

---

[3] Because I find these arguments sufficient to warrant remand, I do not consider plaintiff's alternative argument that the ALJ erred in accepting the opinion of a Single Decision Maker ("SDM") with regard to step 3 equivalence.  ***See Carbajal v. Astrue***, 2011 WL 2600984 at *2-3 (D. Colo. June 29, 2011).  I also do not address whether the ALJ applied an incorrect date last insured.  Nevertheless, these issues should be addressed on remand.

These findings represent gross misrepresentations of the record. There is very little evidence to undermine plaintiff's assertion that her physical and mental abilities are substantially impacted by her multiple impairments and associated pain. Moreover, the evidence clearly demonstrates that plaintiff's pain and other symptoms frequently are exacerbated by her attempts to perform routine activities.

Against that backdrop, the fact that plaintiff may occasionally be required to lift her child to change a diaper and once attempted to hike says very little about the credibility of her complaints. Nothing in the record suggests how often plaintiff lifts her son, or indeed, that the referenced instance was anything more than an isolated, or at best, infrequent, occurrence.[4] Likewise, there is no evidence establishing the conditions under which plaintiff went hiking, how far she actually hiked, whether the outing was a regular or frequent occurrence, or, indeed, anything at all that would support the broad inferences the ALJ drew from that limited evidence.

Moreover, the record clearly supports the conclusion that the very instances on which the ALJ relied actually exacerbated plaintiff's pain. It strikes this court as particularly ironic that the ALJ would note expressly that the ability to hike requires not only the stamina to walk for some distance, but also the ability to twist, bend, and balance (Tr. 17), but fail to mention that plaintiff actually fell and injured herself during the hike (Tr. 471). ***See Krauser v. Astrue***, 638 F.3d 1324, 1333 (10th Cir. 2011)

---

[4] Moreover, the ALJ's miserly reading of the report submitted by plaintiff's nanny (Tr. 16, 268-69) exacerbates the error in relying on this paltry evidence. Far from being merely a "list[] [of] the activities that the nanny is required to do"( Tr. 16), the nanny's statement says that "[i]t was made clear to me when I was hired that this job actually meant caring for an adult as well as a child. I do what [plaintiff] physically can't do" (Tr. 268). That statement clearly puts her lengthy listing of childcare and household responsibilities in context, tends to support plaintiff's subjective complaints, and undermines the ALJ's speculation that unspecified "other reasons" (Tr. 16) explain the nanny's lengthy list of job responsibilities.

(cautioning that court must be aware of "need to assess generality in light of specifics" when considering ALJ's recitation of claimant's activities of daily living).

Similarly, the ALJ's conclusion that the record shows "at least a few episodes of non-compliance" with a suggested home exercise program is not supportable. (Tr. 16.) A reading of the full record demonstrates plainly that the exercises plaintiff was given made her pain worse. (Tr. 302, 303.)[5] Moreover, the ALJ completely ignored plaintiff's long-standing, multifaceted attempts to find relief from her pain, including the use of multiple medications and treatment modalities, as well as multiple surgeries.[6] (*See* Tr. 352, 481.)  *See Hardin v. Barnhart*, 362 F.3d 676, 680 (10th Cir. 2004).  *See also Shaw v. Chater*, 221 F.3d 126, 133 (2nd Cir. 2000) (plaintiff not properly discredited for failing to seek treatment where treatment has proved unavailing).

Even under the deferential standard afforded credibility determinations, such cherry-picking of the record is improper and does not substantiate the ALJ's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004).  The ALJ's reliance on these isolated instances caused him to commit legal error on several fronts.  For one thing, and even if these examples were supported by the record, the ability to engage in limited household and other activities of daily living do not equate to the ability to perform substantial gainful activity on a regular work schedule.  *See* 20 C.F.R. § 404.1572(c); *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993).  For

---

[5] In addition, the record is replete with evidence suggesting that many everyday activities increase plaintiff's symptoms.  (*See, e.g.*, Tr. 240, 245, 287-288, 301, 303, 305, 309, 314, 324-326, 338-339, 453, 484.)

[6] Nor does it appear that he applied the tripartite analysis required to be followed in evaluating subjective complaints of pain.  *See Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).

another, the ALJ improperly relied on his own disbelief of plaintiff's subjective complaints of pain to undermine the opinions of her treating sources.[7] ***McGoffin v. Barnhart***, 288 F.3d 1248, 1252 (10th Cir. 2002) (ALJ may reject physician opinion "only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion") (citation and internal quotations marks omitted).[8] These errors in evaluating the medical source opinions undermined his finding regarding plaintiff's residual functional capacity and infected his hypothetical to the ALJ.

For all these reasons, I find and conclude that the ALJ's decision is not supported by substantial evidence. ***See Sitsler v. Astrue***, 410 Fed. Appx. 112, 117-18 (10th Cir. Jan. 10, 2011) (reversing where "ALJ's [credibility] analysis was flawed both by his reliance on mischaracterizations of the evidence and by his failure to consider [other] uncontroverted evidence [supporting plaintiff's claims of pain and limitation]").  Although plaintiff asks for a directed award of benefits, I find it would not be proper to exercise my discretion in that regard here. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).[9]

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law

---

[7] In addition, the ALJ failed to discuss the opinions and evidence submitted by two of plaintiff's treating sources, which error also should be rectified on remand.

[8] Indeed, the credibility of plaintiff's subjective reports of pain and functional limitation are particularly vital in cases of alleged disability based on fibromyalgia, which is diagnosed entirely on the basis of the patient's subjective report of her symptoms. ***See Davis v. Astrue***, 2010 WL 3835828 at *5-6 (D. Colo. Sept. 23, 2010).

[9] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

8

Judge that plaintiff was not disabled is **REVERSED**;

    2. That this case is **REMANDED** to the ALJ, who is directed to

        a. Reassess plaintiff's credibility properly in light of all the evidence of record and the deficiencies noted in this opinion;

        b. Reexamine and, if necessary, correct his determination of plaintiff's date last insured;

        c. Reevaulate all medical opinions of record, citing specific, legitimate reasons specifically tied to the evidence of record for the weight afforded to each of them;

        d. Recontact any treating source, seek the testimony of medical experts, order consultative examinations, solicit further vocational expert testimony, or otherwise further develop the record as he deems necessary;

        e. Determine whether the evidence is sufficient to make a finding of equivalence at step 3 of the sequential evaluation;

        f. Reassess plaintiff's residual functional capacity; and

        g. Reassess the disability determination; and

    3. That plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 3, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*

Robert E. Blackburn
United States District Judge